Ms. Norton. Good morning, Your Honors. You may proceed. Thank you. May I please support Heather Norton on behalf of the appellants? Your Honors, the board in the proceeding below committed reversible error and abused its discretion when it failed to consider exhibits for the truth of the matter contained therein. Do you agree that your initial submission did not establish standing or entitlement or the like? I agree that the evidence was not authenticated in the initial submission. So if we were just looking at the initial submission, do you agree that you're not entitled to the trademark? I do have to agree to that, Your Honor. Okay. Due to unfortunate circumstances, the evidence was authenticated and later submitted for our declaration, and it's not a position that any litigant wants to find itself in, but it is important that appellants here have a chance to have their case heard on the merits. And the board in ruling that... But you did have a chance to heard your case on the merits. You were allowed to submit evidence which was deficient, and you lost. Your Honor, I would submit that the evidence wasn't deficient and that the board made reversible errors. For example, it abused its discretion when it found... I would first like to direct you to a statement that the board made on page seven of its opinion, which is also appendix page seven, in which it clearly stated that the Ferrara Declaration also, and I emphasize the word also, also contained overments regarding the exhibits previously submitted. And then in two pages later, on pages nine and ten, it seems to have forgotten that entirely, and it characterizes the entire declaration as consisting of rebuttal information, and it says that a small subcategory of that was proper rebuttal testimony, but most of it was improper. And so because it said that it was improper and because... Rebuttal, and because it also said that the evidence was a reply, it said it would not consider the Ferrara Declaration, and it would not consider the exhibits attached to the attorney declaration... Will you acknowledge in footnote two on page three of the opening brief that you didn't respond to Appley's objection to the Ferrara Declaration? You say no further response was required. Your Honor, the... Haven't you waived all your arguments as to whether the TTAB properly rejected... No, Your Honor, the reason why, and it's explained in that footnote, the reason why a further response wasn't made to the TTAB at that time was that we had already preempted those arguments. We had already explained why the evidence, when we were submitting the evidence, we already explained in that reply brief why the evidence was admissible, improper, and should be considered, and so the decision was made not to burden the TTAB with a rehashing of the same arguments. But the board clearly contradicted itself when it acknowledged first that there was... There were statements made averring the declarations... Sorry, the exhibits in the opening brief, and then proceeded to forget that it had made that statement and characterize the whole declaration. And, Your Honors, I would also note that the cases cited in that... Excuse me. You haven't got the clock on. Go ahead. Speaking of the clock, I would like to reserve for rebuttal. The cases that the TTAB cited and that Appley cited, the American Meat Institute cases and progeny, are relating to evidence that was, in fact, withheld until the reply, and this isn't that case here. The evidence was submitted with the opening brief, and Appley's had a full opportunity to respond to it, and, in fact, did respond to it substantively, and then those cases simply just don't apply when this is a case where they did, in fact, have the evidence and were able to respond to it. Unlike those cases, this is similar to the case in Reed-Jackson, which was cited in Appley's appellant's briefing, in which a very similar thing happened. The exhibits were submitted with the opening brief and were not properly authenticated, and then were authenticated in a later submitted declaration, and the court admitted those and considered the evidence in full in order to truly decide the case on the merits, and the court, in that case, emphasized the long line of holdings and the strong precedent that a decision on the merits is much favored and is preferred, and so that case clearly shows that the error that the board made in ignoring the averments relating to the opening brief was prejudicial and goes against Jackson and other cases that hold the case that should be decided on the merits. To the extent that the American Meat case and those cases have any bearing on this case, they really speak to fairness, and they speak to the fact that all parties should have an opportunity to litigate their cases, and the concern is that if evidence is coming in on reply, then the other party won't have the chance to respond, but here any unfairness actually flows the other way because there is evidence that appellants are the senior users of the mark that they have standing to bring this proceeding, and they should be able to have that fully considered, particularly when appellees did respond to that evidence. I would also like to discuss with your honors the errors made in the TTAB opinion regarding the rebuttal evidence, and that part of the opinion appears just not to be based in any reasonable basis because it was limited to a time period which is really an entirely arbitrary time period. The appellee in her sworn declaration stated that she checked the website, the wadsnob.com website, in August. She checked it periodically. She checked it in November. She checked it frequently, and that even as of December there wasn't a live website, and those statements are demonstrably false, and the Ferrara declaration did submit testimony and documentary evidence showing that those statements are false. The board agreed that those statements, those particular statements, were rightly rebutted by Ms. Ferrara, but then limited the rebuttal to this arbitrary time period, which wasn't the time period about which appellee was testifying. Why the board picked that time period, it isn't clear, but it has no basis in the record, and there's no basis for which... Well, those were the dates that Ms. Sebastianelli indicated that she visited the website and saw that it was inactive. She gave two examples. She also stated that she visited it in August, and that she frequently visited it. Paragraphs 7 and 17 of her declaration, and this was addressed in the reply brief. We don't have paragraph 7 in the record. I apologize for that, Your Honor, but appendix page 40, which is a page from appellants' reply brief responding to those statements, evidence is paragraph 7, where it says applicant declared under oath that there was no active website on August 23rd. So the time period wasn't limited, even in paragraph 17, which you do have. She says that she checked it on those dates, but it wasn't there. So she didn't say that she only checked it on those dates, or she didn't even say that she checked it between that time frame. Those were two particular dates in which she checked it, apparently beginning in August when she reached out to appellants to inquire about a potential purchase of the domain. So again, that evidence, that rebuttal evidence, excluding that greatly prejudiced my client in that that evidence in itself also shows that not only does she have standing, but she has priority abuse in the mark. And I'd just like to point your attention to a case that was cited in the briefing, the Martin B. Weaver case, that says that the fact that evidence may have been offered in support of a case-in-chief does not preclude its admission in rebuttal. And in that case, the court emphasized that the court must exercise its sound discretion if it's going to exclude rebuttal evidence. And it's not sound discretion here to exclude rebuttal evidence that was directly contradicting, that was directly rebutting paragraphs saying that no website was live in August, that no website was live periodically when she checked up until December. So to finish here, I just want to emphasize that there are certain exhibits A through D, F through H, I, J, N, and P that were submitted with the opening brief. Again, this isn't evidence that was withheld until the reply. This was evidence that was submitted with the opening brief that was addressed in full by appellee in their opposition that was authenticated, and the court committed an error when it simply declined to recognize or to rule on when it contradicted itself and first acknowledged that error, and then characterized the brief as containing only rebuttal evidence, and some of it was improper rebuttal evidence. So those are the points that I wanted to discuss with you today, Your Honors, if you have any questions. Thank you. Thank you. Good morning, Your Honors. Mr. Minker. I'm here on behalf of Courtney Sebastianelli. The opposer in this case had an opportunity to re-present their case. They failed to establish priority or standing, and they took a second bite at the apple, and the applicant objected to that late testimony and late documents, and they didn't respond to our objection, evidentiary objection. They conceded it. They had a chance to appeal this to the district court, establish a new record. They didn't do that. They appealed it to here, the board. In the end, the board exercised its discretion in establishing which evidence was admissible and what evidence was not admissible, and on the basis of the evidence proper to their record, they made their decision, and there are no questions. The appellants don't argue that the board made the wrong decision. They just say it wasn't fair. Thank you, counsel. Thank you. Your Honors, first of all, with respect to that final statement, the appellants absolutely argued that this was the wrong decision. It's not simply a matter of fairness. It's a matter of abusing discretion in basing an order on factual errors, and it's a matter of having an opinion that doesn't have any reasonable basis, and so absolutely, there are reversible errors here. It was an error to characterize the entire Ferrara Declaration as a rebuttal declaration, despite having earlier recognized it as also containing averments regarding the initial exhibits, and it was an error to arbitrarily eliminate certain of the statements made by appellee and not provide a reason why appellants could not respond to those statements. Regarding their objections, as stated, there's a detailed explanation in the reply brief, along with the evidence of why it's proper and why it's necessary, and the lack of response. There is no set procedure in the TTAB for further response, and the lack of response cannot be construed as an objection. When the evidence is considered here, it's very clear that appellants do have standing and that they do have the prior use in the mark, so I would submit again that it's very important that their evidence be allowed to be considered so that they have their day in court and that the errors be reversed. Thank you, counsel.